IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MERRITT, ) | |
| ) | Case No. 1:05-CV-00586 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge David S. Perelman |
| FIRSTENERGY CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | <u>MEMORANDUM AND ORDER</u> |
| ) | |

Before the court is defendant FirstEnergy Corporation's ("FirstEnergy") motion for summary judgment against plaintiff William Merritt ("Merritt") [Docket No. 14]. For the following reasons, the motion is granted in part and denied in part, and the court shall set a case management conference to discuss further proceedings.

**I.     Background**

The facts pertinent to this motion for summary judgment are essentially undisputed. Merritt was employed by Cleveland Electric Illuminating Company ("CEI") in numerous positions over the course of over twenty years. CEI was a wholly owned subsidiary of Centerior Electric Corporation ("Centerior"), which merged with Ohio Edison Company in 1998 to form FirstEnergy. That merger led to a reduction-in-force ("RIF") in January 1998 which eliminated certain administrative and other salaried positions that would become duplicative in FirstEnergy. As Ohio Edison Company was the driving force behind the merger, the RIF terminated individuals working for Centerior and CEI in order

to streamline FirstEnergy's corporate structure. FirstEnergy notified Merritt in January 1998 that he would be terminated as part of the RIF. At his exit interview in February 1998, Merritt was provided with a summary of his severance benefits, a release of all claims against FirstEnergy to be signed, as well as documents listing CEI and Centerior employees being terminated and retained by job title and age. In return for signing the release, Merritt received severance pay in the amount of $64,915.00. Merritt, however, did not sign the release until August 1998, after consulting an attorney. Notably, nowhere in the materials provided to Merritt with that release, insofar as those materials have been produced to the court, is a description of how those to be terminated in RIF were chosen over those to be retained. In other words, no description of factors making individuals eligible for the RIF were presented to Merritt in writing.

Merritt filed the instant action in Ohio state court, stating four claims against FirstEnergy: (1) termination in violation of Ohio public policy; (2) discrimination on the basis of age and race in violation of OHIO REV. CODE §§ 4112.14 and 4112.99; (3) discrimination in employment on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and (4) discrimination in employment on the basis of race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* FirstEnergy removed the action, citing original federal jurisdiction over, among other things, Merritt's ADEA claim [Docket No. 1]. Pursuant to agreement of the parties, the case then proceeded on a bifurcated basis. The validity of the release signed by Merritt in August 1998 would be resolved first, and discovery would be limited to that topic. Following resolution of that issue, further discovery and briefing would be had, if necessary, on the merits of any remaining claims. FirstEnergy filed its motion for summary judgment, seeking judgment

as a matter of law on all of Merritt's claims, pursuant to the release.[1] Merritt responds by arguing that the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f), renders the release invalid and that his claims therefore are not barred by the release.

## II. Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence

---

[1] The court finds confusing FirstEnergy's argument in its reply brief [Docket No. 22, at 2-3] that OWBPA somehow does not apply to the waiver because "Plaintiff did not allege a federal age discrimination claim under the ADEA." That argument is particularly puzzling because FirstEnergy cited ADEA as a source for the court's jurisdiction in its Notice of Removal [Docket No. 1, at 2] and, more importantly, because FirstEnergy describes Merritt's causes of action as including "age discrimination claims under state and *federal* law" in the motion for summary judgment that led to the reply brief [Docket No. 14, at 1 (emphasis added)]. The court questions how such an argument could have made its way into FirstEnergy's reply brief, given FED. R. CIV. P. 11(b)'s requirement that in all papers presented to the court, "the allegations and other factual contentions have evidentiary support.

in a light most favorable to the nonmoving party.  *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004);  *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248.  An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict",  or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252.  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In this case, the central question is whether the release signed by Merritt in August of 1998 is valid and therefore bars his claims.  In determining the validity of such a release, the Sixth Circuit looks at a number of factors to determine whether the release was made knowingly and voluntarily. *Nicklin v. Henderson*, 352 F.3d 1077, 1080 (6th Cir. 2003) (considering the following factors in a balancing test to determine whether Title VII claims were voluntarily released: (1) the employee's experience, background and education; (2) the amount of time the employee had to consider the release, including whether the employee had time to consult an attorney; (3) the clarity of the release's language; (4) the consideration received for the release; and (5) the totality of the circumstances).

Using that test, it is clear that the release is valid and should bar Merritt's claims.  Merritt's education and experience meant that he should have been able to understand the clear and plain language of the release.  Merritt had over seven months to consider the release, and did in fact consult an attorney before signing it.  Merritt also received over $60,000 in severance pay in exchange for the

release. Therefore, under the general test, the release is valid and would bar all federal and state claims. *Id.*; *Bd. of Comm'rs of Columbiana County v. Samuelson*, 24 Ohio St.3d 62, 63-64, 493 N.E.2d 245, 247 (1986); *Denlinger v. City of Columbus*, No. 00AP-315, 2000 WL 1803923, at *5 (Ohio Ct. App. Dec. 7, 2000).

However, when dealing with ADEA claims, a more specific test is used. ADEA, as amended by OWBPA, sets out a specific list of factors to consider in determining whether a release of ADEA claims was knowing and voluntary and therefore valid. *See* 29 U.S.C. § 626(f). In this case, Merritt challenges the release of his ADEA claims, arguing that FirstEnergy did not provide all of the information required in writing by OWBPA to make a release knowing and voluntary. Specifically, Merritt argues that FirstEnergy failed to adhere to the requirements of 29 U.S.C. § 626(f)(1):

> [A] waiver may not be considered knowing and voluntary unless at a minimum--
>
> (H) if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the employer . . . .informs the individual in writing in a manner calculated to be understood by the average individual eligible to participate, as to--
> (i) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and
> (ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

29 U.S.C. § 626(f)(1). In applying OWBPA's requirements, the court is to avoid rote or hypertechnical application of the statute's language. *Raczak v. Ameritech Corp.*, 103 F.3d 1257, 1262-64 (6th Cir. 1997).

The evidence produced in this case makes it clear that, regardless of whether the lists of employees provided to Merritt satisfy 29 U.S.C. § 626(f)(1)(H)(ii), FirstEnergy failed to provide the

-5-

"eligibility factors" for the RIF and "any time limits applicable to such program" to Merritt, in writing, at the time the release was given to him. Therefore, Merritt's release of his ADEA claim was not knowing and voluntary. 29 U.S.C. § 626(f)(1); *see also Kruchowski v. Weyerhauser Co.*, 423 F.3d 1139, 1143-44 (10th Cir. 2005) (holding that an ADEA waiver was invalid in part because of a failure to provide eligibility factors in writing, that eligibility factors need to do more than just define the pool of employees examined, and that "eligibility factors" refers to the factors used to analyze each individual employee in determining whether to retain or terminate).

FirstEnergy is correct in claiming that the RIF at issue here was examined and approved by another court in the Northern District of Ohio, but fails to mention that Judge Nugent only considered the question of whether the information provided met the requirements of 29 U.S.C. § 626(f)(1)(H)(ii). *Mesaros v. FirstEnergy Corp.*, No. 5:04-CV-2451, 2005 WL 2460739, at *6-7 (N.D. Ohio Oct. 5, 2005). Judge Nugent did not consider whether FirstEnergy had provided eligibility factors in writing to individuals terminated as part of the RIF as required by 29 U.S.C. § 626(f)(1)(H)(i). *Id.*

Because the release signed by Merritt in August 1998 was "knowing and voluntary" under the federal common law test, but not "knowing and voluntary" under OWBPA's higher standard for waiver of ADEA claims, the release bars only Merritt's Title VII and Ohio state law claims, not his ADEA claim. *See Tung v. Texaco Inc.*, 150 F.3d 206, 208-09 (2d Cir. 1998). Therefore, FirstEnergy is entitled to judgment as a matter of law on Merritt's first, second and fourth causes of action for violation of Ohio public policy, OHIO REV. CODE §§ 4112.14 and 4112.99, and Title VII, respectively.

### **III.      Conclusion**

For the foregoing reasons, FirstEnergy's motion for summary judgment [Docket No. 14] is granted in part and denied in part.  Summary judgment is granted and judgment entered in favor of FirstEnergy on Merritt's Ohio public policy cause of action, his cause of action under OHIO REV. CODE §§ 4112.14 and 4112.99, and his cause of action under Title VII.  Summary judgment is denied on Merritt's third cause of action, the ADEA claim.  A status conference is set for Friday, May 5, 2006 at 10:30 a.m., to determine the course of discovery on the substance of Merritt's ADEA claim and any other matters.

IT IS SO ORDERED.

/s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: March 31, 2006**