UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MERRITT, ) | |
| ) | Case No. 1:05-CV-00586 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| FIRSTENERGY CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | ORDER |
| ) | |

Before the court is defendant FirstEnergy Corporation's ("FirstEnergy") motion for reconsideration [Docket No. 33]. In a memorandum and order in March 2006 [Docket No. 24], the court granted summary judgment to FirstEnergy on all claims by plaintiff William Merritt ("Merritt"), except for Merritt's claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* In its March 2006 memorandum and order, the court denied FirstEnergy's motion for summary judgment with respect to Merritt's ADEA claims because the court found that FirstEnergy had not provided the information required by the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H)(ii) as part of its termination of Merritt as part of a reduction-in-force ("RIF").

The court examined the record before it, and found that FirstEnergy had failed to provide any information as to the "eligibility factors" for and "any time limits applicable to" the RIF. In doing so, the court engaged in a plain-text reading of the OWBPA and applied it to the evidence – or more accurately, the lack of evidence of what information was provided to Merritt – in the record at the time. The court also cited an additional source for its position, *Kruchowski v. Weyerhauser Co.*, 423 F.3d 1139

(10th Cir. 2005), an opinion by the Tenth Circuit which has since been withdrawn.[1] However, the court's interpretation of the OWBPA information requirement did not rely upon *Kruchowski*, nor was *Kruchowski* necessary to the court's finding in this case. To put it simply, the evidence in the record did not include *any* disclosure or notice of the required information in any manner, much less in the form suggested by 29 C.F.R. §1625.22(f)(4)(vii). For that reason, the court could not grant FirstEnergy's motion for summary judgment on that record.

In other words, the withdrawal of the *Kruchowski* opinion by the Tenth Circuit does not remove any of the authority upon which this court actually relied to deny summary judgment in the March 2006 memorandum and order. For that reason, the court denies FirstEnergy's motion for reconsideration [Docket No. 33].

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 20, 2007**

---

[1] In its March 2006 memorandum and order, the court used the introductory signal "*see also*" before citing *Kruchowski*, indicating that the cited authority was "additional source material that supports the proposition." The Bluebook: A Uniform System of Citation R. 1.2, at 46 (Columbia Law Review Ass'n et al., eds., 18th ed. 2005). According to the Bluebook, that signal "is commonly used to cite an authority supporting a proposition when authorities that state or directly support the proposition *already have been cited* or discussed." *Id.* (emphasis added).