UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MERRITT, ) | |
| ) | Case No. 1:05-CV-00586 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| FIRSTENERGY CORP., et al., ) | |
| ) | |
| Defendant. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court are five motions in limine, which are discussed in turn.

1) FirstEnergy's motion to exclude any testimony or evidence regarding any failure to promote or rehire [Docket No. 56] is granted. William Merritt ("Merritt"), however, seeks to reserve the right to introduce evidence that his performance evaluations indicate that "his work quality was sufficient to justify him for promotion," thereby demonstrating his merit relative to the retained employees. [Docket No. 60]. While Merritt's failure to promote or rehire claims were dismissed on summary judgment [Docket No. 46], he may use his performance evaluations for the limited purpose of demonstrating his qualifications relative to the retained employees.

2) FirstEnergy's motion to exclude any testimony or evidence related to Merritt's dismissed race discrimination claim [Docket No. 58] is granted.

3) FirstEnergy's motion to exclude evidence of the EEOC's cause finding [Docket No. 57] is denied.

EEOC cause determinations may be admitted in employment discrimination cases in the court's sound discretion. *Weems v. Ball Metal and Chem. Div.*, 753 F.2d 527, 528 n.1 (6th Cir. 1985). The

probative value of the evidence in this case is not substantially outweighed by any of the concerns listed in Rule 403 of the Federal Rules of Evidence. Furthermore, to alleviate the possibility of prejudicial effect, this Court will provide the jury with a limiting instruction with respect to the EEOC's cause determination.

4) Merritt's unopposed motion to exclude evidence of his severance package and release [Docket No. 59] is granted.

5) FirstEnergy's motion to exclude opinion testimony by Merritt's co-workers [Docket No. 72] is granted.  The testimony of Merritt's co-workers is not relevant to his age discrimination claim.  It is "the perception of the decision maker which is relevant," and not that of co-workers.  *Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 960-60 (4th Cir. 1996).  Testimony by co-workers as to the quality of Merritt's work is not relevant, unless they were part of the decision to terminate Merritt's employment.

IT IS SO ORDERED.

/s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: January 7, 2008**